IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CASSANDRA HICKS,

    Plaintiff,

v.                                        No. 14-1345

BENTON COUNTY BOARD OF
EDUCATION,

    Defendant.

---

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

---

      The Plaintiff, Cassandra Hicks, brought this action on December 22, 2014, against the Defendant, Benton County Board of Education (the "Board), alleging retaliation in violation of the Americans with Disabilities Act, Section 202, 42 U.S.C. § 12203; § 504 of the Rehabilitation Act, 29 U.S.C. § 794; the First Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983; and the Tennessee Public Protection Act, Tennessee Code Annotated § 50-1-304. In the complaint, Hicks claimed that her employer, the Board, retaliated against and ultimately dismissed her because she advocated for the education rights of her daughter, who suffered from a disability. Before the Court is the May 22, 2015, motion of the Plaintiff to amend her complaint in order to add a claim. (D.E. 30.)

      Motions for leave to amend a complaint are governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that "[a] party may amend its pleading once as a matter of course within . . . [twenty-one] days after serving it, or . . . if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Fed. R. Civ. P. 15(a)(1). "In all other cases, the party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As the relevant time periods set forth in subsection (a)(1) have passed and the relief sought is opposed by the Defendant, the proposed amendment requires leave of the Court. Rule 15 states that leave should be freely given "when justice so requires." *Id.*

The case law of the Sixth Circuit "manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, ___ F.3d ___, 2015 WL 3422781, at *8 (6th Cir. May 29, 2015) (internal quotation marks omitted). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Herhold v. Green Tree Servicing, LLC*, ___ F. App'x ___, 2015 WL 1652505, at *2 (6th Cir. Apr. 15, 2015). A court may deny a motion to amend, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant and undue prejudice to the opposing party by virtue of allowance of the amendment." *Hiller v. HSBC Fin. Corp.*, 589 F. App'x 320, 321 (6th Cir. 2015) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In her motion, the Plaintiff advises the Court that facts revealed during discovery received in mid-May 2015 indicated the existence of a viable prior restraint of speech claim under the First Amendment. It is the position of the Board in opposing amendment that, because 1,000 pages of written discovery have been produced and eight depositions taken, it will suffer undue hardship and prejudice in having to engage in additional, and perhaps duplicative, discovery. Defendant also charges Hicks with dilatory motive in waiting to bring the instant motion until after significant discovery had occurred.

"Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' placing an unwarranted burden on the court, or 'prejudicial,'

placing an unfair burden on the opposing party." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (some internal quotation marks omitted). To support a denial of amendment based solely on delay, "at least some significant showing of prejudice" is required. *McCray v. Carter*, 571 F. App'x 392, 399 (6th Cir. 2014). In order to take advantage of the liberality of the Rule, "the party requesting leave must act with due diligence." *Smith v. Caterpillar, Inc.*, 304 F. App'x 391, 395 (6th Cir. 2008) (quoting *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)) (internal quotation marks omitted).

This case, which has been on the Court's docket for less than six months, is in its early stages. The scheduling order, agreed to by the parties, set the deadline for motions to amend pleadings at May 29, 2015 and the discovery deadline at October 26, 2015. Thus, the motion was filed within the time permitted under the scheduling order for the amendment of pleadings and well ahead of the discovery deadline. Moreover, the motion's filing within days of Plaintiff's counsel's receipt of discovery making her aware of the existence of a new claim indicates that she exercised due diligence. While the essence of the Board's objection to the amendment is that additional discovery will be necessary, there appears to be plenty of time to conduct such discovery. The Court finds no evidence of undue delay or prejudice. *See Ohio Valley Energy Sys. Corp. v. Am. Int'l Specialty Co.*, No. 4:09CV1972, 2010 WL 898884, at *1-2 (N.D. Ohio Mar. 11, 2010) (no undue delay or prejudice where the motion was timely filed under the scheduling order, made early in the litigation and there was substantial time remaining for discovery). Nor is there anything to suggest a dilatory motive.

The motion to amend is GRANTED. The Plaintiff is DIRECTED to file her amended complaint within ten days of the entry of this order.[1]

IT IS SO ORDERED this 16th day of June 2015.

                                                    s/ J. DANIEL BREEN
                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While the Court notes that a copy of the proposed first amended complaint was attached as an exhibit to the instant motion, such attachment is insufficient to constitute proper filing of the amended pleading.