IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CASSANDRA HICKS,

    Plaintiff,

v.                                                                         No. 14-1345

BENTON COUNTY BOARD OF
EDUCATION,

    Defendant.

___

ORDER DENYING MOTION FOR RECONSIDERATION
___

I. INTRODUCTION AND BACKGROUND

The Plaintiff, Cassandra Hicks, filed her initial complaint against the Defendant, the Benton County, Tennessee, Board of Education ("BCBOE"), on December 22, 2014 (Docket Entry ("D.E.") 1), and an amended pleading on June 17, 2015 (D.E. 39). She alleged retaliation in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act, 42 U.S.C. § 12203; the First Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983; and the Tennessee Public Protection Act, Tennessee Code Annotated § 50-1-304 ("TPPA").

In an order entered December 1, 2016, this Court granted in part and denied in part the Defendant's motion for summary judgment (the "Order"). (D.E. 95.) Specifically, the Court dismissed Hicks' First Amendment retaliation and TPPA claims. Before the Court is the Plaintiff's motion for reconsideration of the Order. (D.E. 97.)

II. STANDARD OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure provides that,

1

> [w]hen an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Local Rules of this district permit a party to move, pursuant to Rule 54(b), for the revision of an interlocutory order on a specific showing by the movant of

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for the revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order, or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(a)-(b). Motions to reconsider interlocutory orders brought on other grounds are not permitted. LR 7.3(a). The Local Rule further provides that

> [n]o motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised. Any party or counsel who violates this restriction shall be subject to appropriate sanction, including, but not limited to, striking the filing.

LR 7.3(c).

### III. ARGUMENTS OF THE PARTIES AND ANALYSIS

Plaintiff challenges the following determinations of the Court, citing the first and third bases for revision listed in Local Rule 7.3(b):

(1) This Court's ruling on whether Hicks' speech was made as a private citizen does not reflect the latest Supreme Court ruling or other Sixth Circuit precedent. [(Claim I.)]

(2) The Court's ruling failed to consider that when an official with final policymaking authority ratifies a subordinate's decision, there is municipal

liability for that action. It also overlooked the fact that the directive for the gag order came from the Director of Schools himself. [(Claim II.)]

(3) The Court's ruling on municipal liability for the First Amendment claim regarding reports to [the Tennessee Department of Children's Services ("DCS")] fails to consider proof that the person retaliating against Hicks convinced the final decision-maker to terminate her. [(Claim III.)]

*A. Claim I*

Claim I addresses the Court's decision with respect to Hicks' speech as a private citizen. Three distinct categories of speech were identified by the Plaintiff in her response to the dispositive motion and separately addressed by the Court in the Order:

> (1) speaking out against the school's violation of her daughter's [Individualized Education Plan] to school officials and the Office of Civil Rights; (2) speaking out to answer parents' questions about the lack of special education services for their severely disabled children; and (3) arranging for DCS to be contacted about child abuse that the school was attempting to cover up.

(D.E. 89 at PageID 3700-01.) The Court found that none of these types of speech was protected by the First Amendment.

As noted in the Court's opinion, speech falls within the purview of the Constitution if it is spoken by a "private citizen" on a "matter of public concern." (D.E. 95 at PageID 4359.) Generally, the speech of a private citizen is protected while that spoken as part of the plaintiff's official duties is not. *See Tompos v. City of Taylor,* 644 F. App'x 678, 680 (6th Cir. 2016). A plaintiff asserting a First Amendment retaliation claim must also demonstrate that the adverse action suffered by her was motivated at least in part by her protected speech. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 399 (6th Cir. 2016). The Plaintiff's objection to the Court's ruling focuses on whether the speech was made by Hicks as a private citizen or fell within the ordinary course of her employment and, thus, formed a part of her official duties as a teacher's aide.

3

The Court determined that the first category of speech did not touch on a matter of public concern and, accordingly, did not reach the question of whether the statements were made by Hicks as a private citizen. Therefore, the Court reads the instant motion as containing no objection to that ruling.

The basis for the Court's conclusion as to the third classification of speech was that Plaintiff had failed to establish the causation requirement. In making its determination, the Court expressed its willingness to assume for purposes of argument that this category of speech was protected.[1]

Thus, the Court's ruling that Hicks was not speaking as a private citizen applied *only* to the second category -- statements to parents of special education students at Big Sandy concerning the lack of special education services. The Court's discussion herein will therefore be limited to this speech.

Plaintiff posits that the Court failed to consider the United States Supreme Court's 2014 decision in *Lane v. Franks*, 134 S. Ct. 2369 (2014), and its progeny. First, this assertion is without merit, as the Court specifically addressed and considered *Lane* as well as the relevant Sixth Circuit cases in making its determination. Second, Hicks has neither shown nor argued that any of the circumstances permitted under the local rule for a motion to reconsider exist here. She did not present a legal argument concerning *Lane* in her summary judgment briefing, even though it was decided two years prior to the filing of the Defendant's dispositive motion.[2] Nor has she claimed she was unaware of the Supreme Court's ruling. Thus, Plaintiff has pointed to

---

[1]Plaintiff's insistence throughout her motion for reconsideration that the Court erred in finding that she made statements in this category as part of her official, or *ad hoc*, duties is devoid of merit. Even a cursory reading of the opinion reveals that the Court made no such ruling.

[2]Indeed, the cases cited by Hicks in her response to the motion for summary judgment relating to the First Amendment retaliation issue predated *Lane*.

no material difference in fact or law from that presented to the Court before its issuance of the Order and that in the exercise of reasonable diligence she was unaware at that time. Nor has she shown a manifest failure by the Court to consider material facts or dispositive legal arguments presented to the Court in the summary judgment briefing. Rather, a review of the instant motion reveals only her disagreement with the Court's application of the relevant precedent to the facts of this case, an issue properly posed to the Sixth Circuit and one that lies outside the scope of a motion for the revision of an interlocutory order under the local rule. *See* LR 7.3(a). The motion for reconsideration as to Claim I is DENIED.

*B. Claim II*

The Court noted in the Order that, while the Defendant sought summary judgment as to "all" the Plaintiff's claims, it presented no argument on the merits of the First Amendment prior restraint claim. (*See* D.E. 95 at PageID 4357-58.) Instead, it asserted only that any alleged actions of Big Sandy Principal Marty Caruthers in restraining Plaintiff's speech were insufficient to impose liability on the Defendant based solely on his employment by the BCBOE. In her response to the dispositive motion, the Plaintiff recognized the narrow scope of the argument supporting dismissal of the claim, stating in a footnote that

> [t]he only argument BCBOE made regarding Hicks' Prior Restraint of Speech claim under the First Amendment was with regard to municipal liability. Therefore, if this Court rules that municipal liability does exist, then Hicks' Prior Restraint of Speech claim should proceed to trial. If this Court is to rule on other aspects of the Prior Restraint issue, Hicks would respectfully request to be able to brief those issues.

(D.E. 89 at PageID 3698 n.1.) The Court agreed with the Defendant that, as the school principal was not a final policymaker for purposes of § 1983, his actions could not bind the municipality. Out of an abundance of caution, however, the Court directed the Plaintiff, in light of its ruling, to "advise the Court within ten days of the entry of [the Order] whether she intends to continue to

5

pursue relief for prior restraint of speech." (D.E. 95 at PageID 4358.) The Court would then determine whether additional briefing was necessary.

On December 5, 2016, Hicks advised the Court that "[a]lthough [she] certainly would not wish to place undue burden on the Court requiring it to perform additional briefing," she did "wish to preserve her claim for purposes of appeal." (D.E. 96 at PageID 4387.) Upon review of the filing, it remained unclear to the Court exactly what Plaintiff's intentions were on the matter. Nine days later, Hicks filed the instant motion, claiming the Court failed to consider Florence's alleged direction and ratification of Caruthers' acts of prior restraint.

The question of whether Plaintiff intended to pursue the prior restraint claim before this Court has clearly then been answered. With respect to her challenge, municipal liability for prior restraint of speech based on any actions of *Florence* was not considered by the Court because it was not raised in the motion for summary judgment. Courts are not required to "conjure up questions never squarely presented to them" or seek out arguments on a party's behalf. *Juste v. Marie Brennan*, Civ. Action No. 4:16-03757-MGL, 2017 WL 86134, at *1 (D. S.C. Jan. 10, 2017). Because the issue was not a dispositive legal argument presented to the Court prior to entry of the Order, it is not an appropriate subject of a motion for revision.

Further, although the Court now has before it briefing by Hicks on the prior restraint issue, the Defendant has made no request to submit its own briefs or to extend the dispositive motion deadline. Thus, as the Court is left to assume the BCBOE does not seek summary judgment on this question, it will proceed to trial.

*C. Claim III*

In this claim of error, the Plaintiff contends the Court failed to consider proof that Caruthers convinced Florence, the final policymaker for the BCBOE, not to renew her

employment because of her reports to DCS about abuse.  However, she has pointed to no evidence, either in response to summary judgment or in support of reconsideration, showing that Caruthers communicated to Florence any suspicions that Hicks was involved in complaints to DCS or threats made to her regarding such reports.  For that reason, the Court found Hicks failed to establish that the DCS complaints were the moving force behind the nonrenewal of her employment.  Claim III is DENIED.

IV.  CONCLUSION

For the reasons set forth herein, the motion for reconsideration is DENIED.

IT IS SO ORDERED this 31st day of January 2017.

                s/ J. DANIEL BREEN
                CHIEF UNITED STATES DISTRICT JUDGE