IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-1345-STA-egb |
| | ) | |
| BENTON COUNTY BOARD | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE
ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE
AND DENYING DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S MOTION TO SET ASIDE AS MOOT**

On August 18, 2017, the Court granted three motions in limine (ECF Nos. 114, 115, 117) that had been filed on August 8, 2017. (ECF No. 120.) In its order, the Court noted that Plaintiff had not responded to the motions within the requisite time. (Setting Letter, p. 3, ECF No. 104 ("The opposing party must file a response within five days of date of service of the motion in limine.")). Plaintiff has moved to set aside that order pursuant to Rule 60 of the Federal Rules of Civil Procedure on the ground that she was not aware of the five day response time. (ECF No. 121.) She has also filed untimely responses to the motions in limine. (ECF Nos. 125, 126, 128.)

Defendant has filed a motion to strike Plaintiff's motion to set aside (ECF No. 129) on the ground that, contrary to Plaintiff's certificate of consultation (ECF No. 122), defense counsel did not agree to the granting of Plaintiff's motion. Instead, defense counsel agreed to an extension of time in which Plaintiff could file her responses to Defendant's motions in limine.

1

Plaintiff has filed an amended certificate of consultation (ECF No. 124) and a response to Defendant's motion to strike. (ECF No. 130.)

Initially, the Court notes that a certificate of consultation is not required by the Local Rules of this Court. See LR 7.2(a)(1)(B) ("All motions, including discovery motions but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion.") However, since Plaintiff's attorney did file a certificate of consultation, it was incumbent upon her to file an accurate one.

Plaintiff's counsel asserted in her certificate on consultation as follows: "[U]ndersigned counsel certifies that counsel for the Defendant agreed by phone call on August 18, 2017 that the Defendant has no objection to Plaintiff's Motion to Set Aside the Order Granting the Motions in Limine and would not be opposed to the Court granting the Motion." (Cert. of Con., p. 1, ECF No. 122.) However, defense counsel has filed an affidavit stating that "[a]t no time in that telephonic conversation with Ms. Luna did the undersigned agree to set aside the Court Order. Further, at no point did Ms. Luna inform the undersigned that she would be filing a Motion to Set Aside the Court Order." (Purcell Aff., p. 1, ECF No. 129-1.)

In her response to defense counsel's affidavit, Plaintiff's attorney references an email to defense counsel in which she stated, "I need to consult with you prior to filing my Motion to Set Aside the Order granting Motions in Limine." (Pl's Resp., p. 2, ECF No. 30.) She contends that, during a phone call, she asked defense counsel "the same thing that was discussed in the email" and that defense counsel was "agreeable." (*Id.* at p. 3.) Plaintiff's attorney requests that defense counsel retract the statement "Further, at no point did Ms. Luna inform the undersigned that she

2

would be filing a Motion to Set Aside the Court Order." (*Id.*) In support of her response, Plaintiff's attorney has submitted her own affidavit, attesting to her description of the relevant events concerning her certificate of consultation. (Luna Aff., ECF No. 130-1.). She has also attached a copy of an email response from defense counsel stated that he "stand[s] behind what [he] said" in his affidavit. (*Id.* at p. 10.)

It is concerning that the day before the trial of this matter the Court has been presented with competing affidavits as to the events surrounding a certificate of consultation that did not need to be filed. The Court does not have to resolve which version of the telephone conversation is correct to decide Plaintiff's motion to set aside. However, the Court will note that, had Plaintiff's counsel been more familiar with the Local Rules of this Court, the situation involving the competing affidavits would not have arisen.

Plaintiff's counsel is **DIRECTED** to review the Local Rules before filing anything else in this Court.

Plaintiff's counsel also appears to be unfamiliar with LR 7.3 with provides:

> (a) Application to Non-Final Orders. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule. **Motions to reconsider interlocutory orders are not otherwise permitted.**

LR 7.3 Motion for Revision of Interlocutory Orders (emphasis added). Thus, Fed. R. Civ. P. 60 is not an appropriate vehicle for the relief sought by Plaintiff.

However, if Plaintiff had filed her motion under the correct rule, relief would still be denied because Plaintiff has not shown excusable neglect for her failure to respond to Defendant's motions in limine. Rule 60 provides that the Court may grant relief from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Plaintiff's counsel

contends that her failure to know that the time to respond to a motion in limine was five days was a mistake or excusable neglect even though the five day response time was clearly set out in both the initial setting notice and pretrial procedures for jury trial (ECF No. 23) and the current setting notice and pretrial procedures for jury trial (ECF No. 104) ("Any motions in limine, not covered by the objections, must be filed two weeks before the trial date. The opposing party must file a response within five days of date of service of the motion in limine.") If Plaintiff's attorney's contention that she did know about the response time is correct, the only conclusion that the Court can draw is that Plaintiff's attorney has not familiarized herself with the pretrial instructions before the trial of this matter.

This Court has previously held that "[i]t is well established that counsel's 'inadvertent mistake' and 'gross carelessness' are insufficient grounds for relief under Rule 60(b)(1)." *Tippie v. Tennessee Dep't of Revenue*, 2012 WL 3060098 at *2 (W.D. Tenn. July 25, 2012), *aff'd*, 517 F. App'x 458 (6th Cir. 2013) (citation omitted). *See also Eversole v. Allstate Ins. Co.*, 2010 WL 2960974 at *2 (E.D. Ky. July 26, 2010) ("Counsel was aware that a motion for summary judgment had been filed and, for purposes of a Rule 60 motion, the failure to respond to a motion for summary judgment or to seek an extension of time to respond does not rise to excusable neglect.") The failure to read the Court-issued pretrial procedures for jury trials prior to trying a case in this Court is not a mistake or excusable neglect within the meaning of Rule 60.

Plaintiff's counsel is **DIRECTED** to review the Federal Rules of Civil Procedure before filing anything else in this Court.

Plaintiff's attorney's lack of knowledge of the rules of this Court is troubling especially since the same five day response time for motions in limine has been set in Plaintiff's attorney's other cases in the Western District of Tennessee. *See, e.g., Keri Williams v. City of Milan*, 1:08-

cv-01235-JDB-egb (ECF No. 17);[1] *Lindsey Whitney v. City of Milan*, 1:09-cv-01127-JDB-egb (ECF No. 188);[2] and *Sonya P. Williams v. Shelby County Board of Education*, 2:17-cv-02050-SHM-egb (ECF No. 19).[3] If Plaintiff's attorney's statements as to her lack of knowledge of the five day response day are truthful, and the Court has no reason to doubt that they are, then it appears to the Court that Plaintiff's attorney is not only unfamiliar with the Local Rules of the Court and the Federal Rules of Civil Procedure, but also with specific instructions that the Court has issued.

Plaintiff's counsel is **DIRECTED** to review all orders and instructions issued by the Court associated with this case before filing anything else in this Court.

Plaintiff's motion to set aside the order granting Defendant's motion is limine is **DENIED**. Defendant's motion to strike Plaintiff's motion is **DENIED** as moot.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
Chief United States District Judge

DATE: August 21, 2017

---

[1] This appears to be Plaintiff's attorney's first case in the Western District of Tennessee with a notice of setting.

[2] Plaintiff's attorney tried this case in front of a jury.

[3] This matter is still pending.